UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RHONDA DILL, ET AL. | CIVIL ACTION NO. 08-887 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SARAH DEWITT, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Record Document 43], filed on behalf of the Defendants, Sarah Dewitt and the City of Shreveport. Defendants request the Court grant summary judgment in their favor on the following grounds: (1) there is no evidence to support a Monell claim against the City of Shreveport, and (2) Officer Dewitt is entitled to qualified immunity for her actions. Plaintiffs oppose this motion. For the reasons stated herein, Defendants' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part.**

### FACTUAL BACKGROUND

On June 30, 2007, Shreveport Police Officer Sarah Dewitt ("Officer Dewitt") was dispatched to the home of Tony Dill ("Dill") and his family. Officer Dewitt was informed that Dill was armed with a .22 caliber rifle and that he had threatened to kill himself. See Record Document 43, SOF ¶ 3. Upon her arrival, Officer Dewitt radioed for backup and was ordered to await the arrival of her backup before going on-scene. See Record Document 48, SOF ¶¶ 4-5.

Prior to the arrival of her backup, Officer Dewitt was approached by Dill's wife, Rhonda Dill, and his two stepsons, Michael and Matthew Hicks. Id. at ¶ 6. Matthew Hicks

informed Officer Dewitt that he had secured the .22 caliber rifle away from Dill, jammed it and taken it outside. He surrendered the rifle to Officer Dewitt, who proceeded to place the rifle inside her police cruiser. See Record Document 48, p.2 (citing Dewitt Dep., pp.32-37).

Around that time, Dill exited the front door of the residence, reached into his pocket and pulled out a knife. See Record Document 43, SOF ¶ 4; Michael Hicks Dep., pp.101-03; Matthew Hicks Dep., pp. 92, 94; Rhonda Dill Dep., p.167. Dill proceeded toward the yard where his family members and Officer Dewitt were located with the knife open and the blade exposed.[1] Officer Dewitt ordered Dill to drop the knife; when he failed to do so, Officer Dewitt fired four rounds at Dill from her service pistol. One of the four rounds struck Dill in the abdomen and he fell to the ground. See Record Document 43, SOF ¶¶ 6-7; Record Document 48, SOF ¶¶ 16-17. EMS personnel were summonsed to the scene and he was transported to Louisiana State University Health and Science Center in Shreveport ("LSUHSC") by ambulance. See Record Document 1, ¶ 38. Unfortunately, Dill's gunshot wound proved to be fatal and he died shortly thereafter.

On June 23, 2008, Rhonda Dill, individually and on behalf of the estate of Anthony Neil Dill, and Layla Human, Dill's oldest daughter, (hereinafter "Plaintiffs")[2] filed a Complaint in the Western District of Louisiana against the defendants, Sarah Dewitt and

---

[1]The parties disagree as to whether Dill was pointed the knife at himself or pointing the knife in the direction of his family members and Officer Dewitt. See Record Documents 43, 48.

[2]Amanda Dill, the youngest daughter of Tony Dill, also joined in filing the Complaint against the defendants. However, all claims by Amanda Dill have been dismissed by the Court for failure to prosecute. See Record Documents 37, 38.

the City of Shreveport.[3] See Record Document 1. Plaintiffs assert federal law claims against Defendants alleging that Officer Dewitt used excessive force in shooting and killing Dill, thereby depriving Dill of his rights to be free from an unreasonable seizure in violation of the Fourth Amendment, and that the City of Shreveport failed to adequately train its police officers in the use of lethal force and in providing assistance to suicidal individuals (Monell claim). See Record Document 1, ¶¶ 43-48. Plaintiffs also assert similar state law claims against Defendants pursuant to Louisiana Civil Code Article 2315.

## LAW AND ANALYSIS

### I.   Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails

---

[3]In the Complaint, Plaintiffs also named Shreveport Police Officer Kevin Crow ("Officer Crow") as a defendant, alleging that he "knowingly, recklessly, and with deliberate indifference and callous disregard for Rhonda Dill's rights, detained her against her will, effectively placing her under arrest" in violation of the Fourth Amendment. See Record Document 1, ¶ 50. On August 18, 2009, Rhonda Dill, Layla Human, and Officer Crow filed a joint motion to dismiss, without prejudice, all claims against Officer Crow, which the Court granted. See Record Documents 39, 41, 42.

to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

**II.     Monell Claim Against the City of Shreveport**

It is well-established that a local government agency cannot be held liable for the isolated unconstitutional actions of its employees or agents.[4] See Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); see also, Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). However, "a municipality's policy of failure to train its police officer can rise to § 1983 liability." Sanders-Burns v. City of Plano, 578 F.3d 279, 290 (5th Cir. 2009), quoting Brown v. Bryan County, 219 F.3d 450, 457 (5th Cir. 2000). To successfully hold the City of Shreveport liable on this basis, Plaintiffs must show (1) the existence of an official policy through which the City of Shreveport fails to provide adequate training to its police officers,

---

[4]Liability under the doctrine of *respondeat superior* is not cognizable in § 1983 actions. Cozzo v. Tangipahoa Parish Council–President Gov't, 279 F.3d 273, 286 (5th Cir. 2002).

(2) a causal connection between the alleged failure to train and the alleged violation of Dill's constitutional rights, and (3) that the failure to train constituted "deliberate indifference" to Dill's constitutional rights. See Brumfield v. Hollins, 551 F.3d 322, 332 (5th Cir. 2008); Pineda v. City of Houston, 291 F.3d 325, 332 (5th Cir. 2002); Brown, 219 F.3d at 457.

While it may seem contrary to common sense to assert that a municipality will have a policy of not adequately training its employees:

> [I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide adequate training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.

City of Canton v. Harris, 489 U.S. 378, 390, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989). The United States Supreme Court has made clear that "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Bd. of County Com'rs of Bryan County v. Brown, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997).

In support of its motion for summary judgment, the City of Shreveport submitted the affidavit of Mike Vansant ("Vansant"), who was serving as the Interim Chief of Police for the City of Shreveport in January 2007. Plaintiffs contend Vansant's affidavit should be stricken from the record because Vansant was never identified as a witness and, since the discovery deadline has passed, plaintiffs are unable to depose or cross examine Vansant on his testimony. See Record Document 47. Pursuant to Rule 37 of the Federal Rules of

Civil Procedure, Vansant's affidavit must be stricken unless the failure to identify him as a witness was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1).

Defendants initially included Chief Henry Whitehorn, acting Chief of Police for the City of Shreveport, on their Witness List. See Record Document 47, Ex. A. Plaintiffs later agreed to the substitution of Vansant for Chief Whitehorn, acknowledging Vansant was serving as the interim Chief at the time of the shooting and can more appropriately address the policies in place at the time of the shooting. See Record Document 52, pp. 2-4. Although the agreed upon substitution occurred after the deadline for discovery, the Court finds that the defendants' failure to identify Vansant as a witness pursuant to Rule 26 was harmless. Plaintiffs chose not to depose Chief Whitehorn or any other supervisory official prior to the discovery deadline regarding the policies of the Shreveport Police Department, and there is nothing in the record to indicate Plaintiffs would have chosen otherwise if Vansant had been initially named as a witness instead of Chief Whitehorn. Thus, the Plaintiffs' motion to strike [Record Document 47] is denied.

According to Vansant, under his administration and for many years previously, "the City of Shreveport Police Department had in place a comprehensive policy on the use of lethal force," a policy which sets forth the circumstances under which lethal force is appropriate. [Vansant Affidavit, ¶¶ 2-3]. Vansant attests to the fact that Shreveport Police officers "undergo an extensive fourteen to sixteen week police academy training program to insure that officers understand those concepts and can apply the lethal force standard set forth in the policy, and that "officers receive hundreds of hours of instruction and training regarding the use of force and lethal force." Id. at ¶ 4. Vansant further attests that

it is "not the policy, custom or practice of the Shreveport Police Department to violate the constitutional rights of suspects." Id. at ¶ 6.

In response, Plaintiffs point only to a brief excerpt from Officer Dewitt's deposition where she was questioned about her training regarding "how far someone, distance-wise, has to be from you before lethal force is appropriate?" See Record Document 48, pp. 5-6 (citing Dewitt Dep., pp.49-52). Dewitt's deposition testimony, however, is insufficient to establish a genuine issue of material fact as to whether the City of Shreveport failed to adequately train its officers regarding when the use of lethal force is warranted or failed to adequately train its officers on providing appropriate assistance to suicidal individuals. "[T]he adequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, 489 U.S. at 388, 109 S.Ct. at 1204. "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." Id., 489 U.S. at 390-91, 109 S.Ct. at 1206. For example, it may be that:

> an otherwise sound program has occasionally been negligently administered. Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal. And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.

Id., 489 U.S. at 391, 109 S.Ct. at 1206.

In the instant matter, the Court finds Officer Dewitt's excerpted deposition testimony, standing alone, fails to create a genuine issue of material fact as to whether the City of Shreveport's training program is inadequate, whether there is a causal connection between the alleged inadequacy and Officer Dewitt's use of lethal force, or whether the City of Shreveport's alleged failure to train constituted "deliberate indifference" to Dill's constitutional right to be free from an unreasonable seizure. Accordingly, the City of Shreveport is entitled to summary judgment in its favor with respect to Plaintiffs' § 1983 municipal liability claim.

### III. Excessive Force Claim Against Officer Dewitt

In order to state a claim for the constitutional violation of excessive use of force, Plaintiffs must establish "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996), citing Spann v. Rainey, 987 F.2d 1110, 1115 (5th Cir. 1993). In gauging the objective reasonableness of the force used by a law enforcement officer, the Court must balance the amount of force used against the need for that force. Id. at 434. Deadly force "violates the Fourth Amendment unless 'the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others.'" Bazan ex rel. Bazan v. Hidalgo, 246 F.3d 481, 488 (5th Cir. 2001), quoting Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).

In their reply to Plaintiff's opposition to the motion for summary judgment, Defendants acknowledge there are many factual disputes regarding the direction in which Dill was holding the knife and the distance between Officer Dewitt and Dill at the time of

the shooting, and therefore concede that there is a factual dispute regarding what occurred that cannot be determined at the summary judgment stage. See Record Document 52, pp. 1-2. Consequently, one or more genuine issues of material fact remain as to whether Officer Dewitt had probable cause to believe Dill posed a threat of serious physical harm, either to Officer Dewitt or to Dill's family members, and whether her use of lethal force was "clearly excessive to the need." See Hidalgo, 246 F.3d at 488; Garner, 471 U.S. at 11.

## CONCLUSION

After careful consideration of the briefs and exhibits filed, the Court holds that there is no evidence that the City of Shreveport failed to adequately train its officers in the use of lethal force or in providing assistance to suicidal individuals. However, there remains a genuine issue of material fact as to whether Officer Dewitt's use of lethal force was "excessive."

Accordingly, the Motion for Summary Judgment [Record Document 43] filed by defendants is **GRANTED in part** and **DENIED in part**. Plaintiffs' Monell claims against the City of Shreveport are **DISMISSED WITH PREJUDICE**, while the Plaintiffs' federal and state law claims against Officer Dewitt and the City of Shreveport arising from the alleged use of excessive force remain. A judgment consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 13th day of November, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE